1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq. (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   1423 Broadway #1133
3  Oakland, CA  94612
   Telephone: 510/832-5001
4  Facsimile: 510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  LAUREL ASHLEY

7
                    UNITED STATES DISTRICT COURT
8
            EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
9

10
   LAUREL AHSLEY                        CASE NO.
11                                      Civil Rights
        Plaintiff,
12                                      **COMPLAINT FOR PRELIMINARY AND**
                                        **PERMANENT INJUNCTIVE RELIEF AND**
13                                      **DAMAGES:**

14      v.                              1. Violations of Americans with Disabilities Act
                                           of 1990 (42 U.S.C. § 12101 *et seq.*)
15
                                        2. Violation of the California Disabled Persons
16 CLEMENTE HEREDIA dba                    Act (Cal. Civil Code § 54 *et seq.*)
   CARMELITA'S MEXICAN
17 RESTAURANT; ROSALBA HEREDIA         3. Violation of the California Unruh Act (Cal.
   dba CARMELITA'S MEXICAN                Civil Code §§ 51 and 52)
18 RESTAURANT

19      Defendants.                     DEMAND FOR JURY TRIAL

20

21      Plaintiff LAUREL ASHLEY complains of Defendants CLEMENTE HEREDIA dba

22 CARMELITA'S MEXICAN RESTAURANT; ROSALBA HEREDIA dba CARMELITA'S

23 MEXICAN RESTAURANT, and alleges as follows:

24      1.      **INTRODUCTION:** On or about March 10, 2023, Plaintiff, a woman with a

25 mobility disability, went to Carmelita's Mexican Restaurant located at 204 Riverside Ave,

26 Roseville, California, a restaurant she had been to before, to treat herself to a nice dinner after a

27 very stressful couple of weeks.  The restaurant serves high quality Mexican food in a casual sit-

28 down atmosphere. As is her practice when she goes out in public, Plaintiff was accompanied by

                                        1

her service dog Bronson. Plaintiff entered the Carmelita's Restaurant, and she approached the host stand to request a table. Before Plaintiff could say anything, the host asked Plaintiff if Bronson was a service dog. Plaintiff confirmed that Bronson is a service dog. The host then asked Plaintiff to provide him with a certificate to prove that Bronson is a service dog. Plaintiff explained that she did not have a "certificate" designating Bronson as a service dog, and she also clarified that she did not need one per the Americans with Disabilities Act and California state access laws. Defendants' employee insisted that Plaintiff must show a "certificate" for Bronson or he would not let her eat at Carmelita's Mexican Restaurant.

2. Plaintiff expended significant time and effort to explain state and federal laws surrounding service dogs to Defendants' employee, but he continued to refuse to serve Plaintiff. Finally, as a last-ditch effort to be allowed to have dinner at Carmelita's, one of her favorite restaurants, Plaintiff exclaimed, "Do I have to sue you so that I can eat here while accompanied by my service dog?" Defendants' employee said, "Go ahead and sue." Ultimately humiliated and unwelcome, Plaintiff and Bronson left Carmelita's Mexican Restaurant to find another restaurant for dinner. This lawsuit seeks injunctive relief and damages against the owners and operators of Carmelita's for denying full and equal access to Plaintiff Laurel Ashley, a disabled person who uses a service dog.

3. As a result of Defendant's illegal acts, Plaintiff suffered denial of her civil rights and suffered physical, mental and emotional damages. Plaintiff enjoys the food at Carmelita's Mexican Restaurant. Whenever she has guests visiting from out of town, she takes them there for dinner, and she intends to return to patronize Carmelita's Mexican Restaurant located at 204 Riverside Ave, Roseville, California, but is deterred from doing so until the policies of the restaurant are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training. She has brought this lawsuit to force Defendants to change its discriminatory and illegal policies, train its employees, and to force Defendants to compensate her for refusing to serve her because she is a disabled person who needs the assistance of her qualified service dog. Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified

service dog at Carmelita's Mexican Restaurant.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. section 1367.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Sacramento intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff Laurel Ashley is a "qualified" physically disabled person. She suffered a traumatic brain injury which has left her with some residual disability including difficulty with ambulation and balance as well as some memory deficiencies. Plaintiff relies upon her service dog Bronson to assist her with mobility by pulling her forward while they are walking which helps to keep Plaintiff moving forward when necessary. Bronson has also been trained to provide a counterbalance for Plaintiff when she stands still. Bronson leans against Plaintiff and allows Plaintiff to lean against her which provides Plaintiff with necessary stability to stand still. In addition to the mobility tasks that Bronson assists Plaintiff with, she also helps her with finding things when she cannot remember where they are. For example, if Plaintiff forgets where she parked her car in a large parking lot, she can direct Bronson to find the car, and Bronson will help her locate her vehicle. Plaintiff personally trained Bronson to assist her with the task she performs. Bronson is Plaintiff's fourth service dog. Plaintiff has extensive experience training service dogs to provide her with the specific assistance she needs. Plaintiff is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

8. Defendants CLEMENTE HEREDIA dba CARMELITA'S MEXICAN RESTAURANT; ROSALBA HEREDIA dba CARMELITA'S MEXICAN RESTAURANT, are and were at all times relevant to this Complaint the owners, operators, lessors and/or lessees of

the subject business, located at 204 Riverside Ave, Roseville, California, known as Carmelita's Mexican Restaurant.

9. Carmelita's Mexican Restaurant is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

10. **FACTUAL STATEMENT:** Plaintiff Laurel Ashley has been working with her service dog Bronson for over a year. Bronson is a rottweiler who has trained extensively with Plaintiff, who is an experienced dog trainer who has trained at least two other service dogs, to be a service dog. Plaintiff has trained Bronson to serve her specific needs throughout their relationship generally, and to address her balance and memory issues. Specifically, Bronson has been trained to pull Plaintiff forward while the two are walking together, provide a counterbalance for Plaintiff when she stands still, and to assist Plaintiff in finding things when they are out in public such as her car or the restroom.

11. Bronson is a working dog; he is not a pet. Plaintiff and Bronson have trained extensively together, and they supplement that training daily. Plaintiff takes Bronson everywhere with her in public. It is important they stay together at all times because (a) Bronson provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. Where Plaintiff goes, Bronson goes.

12. In addition to her physical disabilities, Plaintiff also suffers from post-traumatic stress disorder (PTSD). As a result of her PTSD, it is very difficult for Plaintiff to leave her house and go out in public. However, on March 10, 2023, Plaintiff decided to treat herself to a nice dinner and a movie because her life had been particularly stressful at home due to damage to her house caused by the winter storms in 2022-2023. Plaintiff thought that an evening away from her damaged house might give her a mental break from the stress.

13. Before leaving her house, Plaintiff bought a movie ticket online. Then, she and Bronson drove from Plaintiff's home to Carmelita's Mexican Restaurant in Roseville, California, for an early dinner before the movie. Plaintiff arrived at Carmelita's in good spirits, and ready for

a good meal and a much needed "mental health" break. Unfortunately, due to Defendants' illegal service dog policy, Plaintiff's evening out turned out to be much more stressful and damaging than being at home.

14.  Plaintiff and Bronson entered Carmelita's Mexican Restaurant. They approached the host stand, and one of Defendants' employees, on information and belief "Oscar," asked Plaintiff if her dog was a service dog. Plaintiff answered that Bronson is a service dog. Although Plaintiff was expecting Defendants' employee to ask her what tasks Bronson performs for her, which she is always prepared to answer. However, instead Oscar immediately asked Plaintiff to provide a "certificate" proving that Bronson is a service dog.

15.  Plaintiff informed Oscar that she did not have any "certificate" proving that Bronson is a service dog, and she also stated that requiring such a certificate is contrary to the ADA and California state access laws. Defendants' employee told Plaintiff that no one can eat at Carmelita's Mexican Restaurant with a service dog who does not present a "certificate." Plaintiff reiterated that it is against the law for Defendants to require her to provide any documentation proving that Bronson is a service dog. Defendants' employee told Plaintiff she would not be allowed to eat at Carmelita's Mexican Restaurant with her service dog. Plaintiff then asked Defendants' employee if he wanted Defendants to be sued for non-compliance with the ADA. Oscar just smirked at Plaintiff and said "go ahead." Bronson was extremely well behaved throughout the entire interaction with Defendants' employee, and silently stayed at Plaintiff's side.

16.  Plaintiff then left Carmelita's Mexican Restaurant. She and Bronson went to her car. Once in her car, Plaintiff completely broke down emotionally. Plaintiff's brain injury affects her abilities to interact with people (especially people she does not know) and to regulate her emotions. She felt overwhelmed by her interaction with Defendants' employee, and she spent the next thirty minutes to an hour crying and attempting to calm herself down.

17.  Once she was calm, Plaintiff began to look for another restaurant where she could have dinner before the movie. However, she ultimately realized that she would not have time for dinner in a non-fast-food restaurant before the movie, which she had already purchased tickets

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  for, was scheduled to start. Ultimately, Plaintiff went to the McDonald's drive-though for dinner
2  prior to the movie.  It was not the relaxing day she wanted to treat herself to.

3      18.    Plaintiff felt depressed in the days after the incident.  She felt afraid to go out again
4  with her service dog due to the fear of having to deal with another similar situation, triggering and
5  exacerbating her PTSD and reticence to go out in public.

6      19.    Plaintiff wishes to return to Carmelita's Mexican Restaurant, but only *after*
7  Defendants have implemented proper service animal policies and training of their staff.  Plaintiff
8  is deterred from returning to the restaurant until these policies and training are in place.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

11      20.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
12  the factual allegations contained in Paragraphs 1 through 19, above, and incorporates them herein
13  by reference as if separately repled hereafter.

14      21.    In 1990 Congress passed the Americans with Disabilities Act after finding that
15  laws were needed to more fully protect "some 43 million Americans with one or more physical or
16  mental disabilities; that historically society has tended to isolate and segregate individuals with
17  disabilities;" that "such forms of discrimination against individuals with disabilities continue to
18  be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals
19  with disabilities are to assure equality of opportunity, full participation, independent living and
20  economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and
21  unnecessary discrimination and prejudice denies people with disabilities the opportunity to
22  compete on an equal basis and to pursue those opportunities for which our free society is
23  justifiably famous." 42 U.S.C. § 12101(a).

24      22.    The ADA provides, "No individual shall be discriminated against on the basis of
25  disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,
26  or accommodations of any place of public accommodation by any person who owns, leases, or
27  leases to, or operates a place of public accommodation." 42 USC § 12182.

28      23.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

Act and in the Americans with Disabilities Act of 1990.

24. Carmelita's Mexican Restaurant is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(B).

25. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

26. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service-animals-2010.htm Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

27. Defendants have a policy and practice of denying and restricting access to patrons with service animals.

28. On information and belief, as of the date of Plaintiff's most recent visit to the Carmelita's Mexican Restaurant on or about March 10, 2023, Defendants continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

29. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

30. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant." 42 USC § 12181(7)(B).

31. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

32. The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

33. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

34. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Carmelita's Mexican Restaurant and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

35. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

36. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize Carmelita's Mexican Restaurant in light of Defendants' policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

37. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 36 of this Complaint and incorporates them herein as if separately re-pleaded.

38. Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

39. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging

places of accommodation, amusement or resort, or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

40. Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

41. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

42. Defendants are also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

43. Carmelita's Mexican Restaurant is a public accommodation within the meaning of the CDPA. On information and belief, Defendants are the owners, operators, lessors or lessees of the public accommodation.

44. Defendants made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its place of business with her service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this large public accommodation and

1  place of business based upon Defendants' illegal prohibition of her legally protected use of her
2  service dog.  Plaintiff has continued to suffer denial of access to these facilities, and faces the
3  prospect of unpleasant and discriminatory treatment should she attempt to return to these
4  facilities.  Plaintiff is unable to return to Carmelita's Mexican Restaurant until she receives the
5  protection of this Court's injunctive relief, and she has continued to suffer discrimination on a
6  daily basis since March 10, 2023, all to her statutory damages pursuant to California Civil Code
7  §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

8        45.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and
9  omissions of Defendants as complained of herein which are continuing on a day-to-day basis and
10 which have the effect of wrongfully excluding Plaintiff and other members of the public who are
11 physically disabled, including disabled individuals who require the assistance of service animals,
12 from full and equal access to these public facilities.  Such acts and omissions are the cause of
13 humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat
14 Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole
15 basis that she is a person with disabilities who requires the assistance of a service animal.

16       46.    Plaintiff wishes to return to patronize Carmelita's Mexican Restaurant but is
17 deterred from returning to use these facilities, because the lack of access and the significant
18 policy barriers will foreseeably cause her further difficulty, discomfort and embarrassment, and
19 Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal
20 access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the
21 Carmelita's Mexican Restaurant and its facilities and is deterred from further patronage until
22 these facilities are made properly accessible for disabled persons, including Plaintiff and other
23 mobility disabled persons and disabled individuals who require the assistance of a service animal.

24       47.    The acts of Defendants have proximately caused and will continue to cause
25 irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to
26 Defendants' inaccessible policies.   As to those of the Defendants that currently own, operate,
27 and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent
28 injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal

access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

48. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

49. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize Carmelita's Mexican Restaurant and will continue to cause her damages each day these barriers to access and policy barriers continue to be present.

50. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendants' behavior was intentional. Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint. Defendants' establishment of their discriminatory policy to deny and restrict entry to persons with

service dogs, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

51. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55. Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

52. Plaintiff suffered damages as above described as a result of Defendants' violations. Damages are ongoing based on her deterrence from returning to Carmelita's Mexican Restaurant.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

53. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 52 of this Complaint and incorporates them herein as if separately re-pleaded.

54. At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

55. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

56. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

57. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

58. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

59. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

60. Plaintiff suffered damages as above-described as a result of Defendants'

violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Laurel Ashley prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, its agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter and use the services of Carmelita's Mexican Restaurant;

   c. That the Court issue preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees and/or their agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to

        maintain such accessible facilities once they are provided and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d.  An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

2.  An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3.  An award of civil penalty as against Defendants under California Penal Code § 365.5(c);

4.  An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5.  An award of prejudgment interest pursuant to Civil Code § 3291;

6.  Interest on monetary awards as permitted by law; and

7.  Grant such other and further relief as this Court may deem just and proper.

Date: July 10, 2023                        REIN & CLEFTON

                                          */s/ Aaron M. Clefton*
                                    By AARON M. CLEFTON, Esq.
                                    Attorneys for Plaintiff
                                    LAUREL ASHLEY

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 10, 2023                        REIN & CLEFTON

                                          */s/ Aaron M. Clefton*
                                    By AARON M. CLEFTON, Esq.
                                    Attorneys for Plaintiff
                                    LAUREL ASHLEY